JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Brandi Myrick, appeals from her conviction, following a bench trial, on one count of shoplifting in violation of R.C. 2913.02. She was fined $200 plus court costs and sentenced to 180 days in the Hamilton County jail with all but five of the days suspended, provided that she perform 50 hours of community service, attend National Corrective Institute Training for people convicted of theft, and stay out of the retail establishment in which she was caught shoplifting
Myrick raises three assignments of error, challenging the sufficiency of the evidence to support her conviction, as well as the weight given to it by the trial court. She argues that she was found guilty by association after the juvenile with whom she was shopping was caught leaving the store with unpurchased items. We disagree.
On August 14, 2003, Myrick and a juvenile companion, Jessica Jones, entered the Value City department store in Springdale, a suburb of Cincinnati. One of the store's security guards, Barry Nicholson, was alerted by the fact that Jones was carrying a large bag that appeared to be stuffed with something, and he monitored the pair's movements in the store by video surveillance camera. Although they shopped separately at times, the two shared a shopping cart. When it came time to pay, Myrick removed from the shopping cart merchandise totaling $25.78 and then went through the checkout lane, paying for the items.
Outside the store, Nicholson stopped both Myrick and Jones and escorted them to a security room, where they were told to put on the floor any objects that did not belong to them. Jones divulged that she was in possession of unpurchased clothing totaling $122.88. According to Nicholson, Myrick then admitted to him that she had been helping Jones to steal. According to Nicholson, Myrick said, "If you are caught, you are caught. She was stealing. I was helping her. I was helping a friend." (Emphasis supplied.)
At trial, Myrick adamantly denied making the incriminating statements, insisting that she had consistently maintained her innocence to Nicholson. She testified that she was unaware that Jones had been shoplifting. She admitted, though, that she had been previously convicted of a crime involving a false statement or dishonesty. Jones testified on behalf of Myrick, stating that Myrick did not notice her shoplifting and was not a participant.
The trial court continued the case to review the surveillance video. Announcing its finding of guilt, the court stated that it had viewed the tape approximately five times and was convinced that Myrick was providing "cover" for Jones and was thus complicit in the shoplifting. In the court's view, the tape showed Myrick "teaching somebody else how to steal or assisting somebody else in stealing."
Although Myrick argues that Nicholson's statement about what she had said in the security room was unreliable hearsay, it is well settled that the trial court has the principal duty to determine the credibility of witnesses. The trial court was thus free to credit Nicholson's testimony about what Myrick had said to him. Further, an admission by a party is not hearsay under the rules of evidence. See Evid.R. 801(D)(2). Although Myrick denied the statement as well as the crime, the court could have reasonably discredited her denials based upon the fact that she had been previously convicted of a crime involving dishonesty or a false statement. Similarly, the court could have rejected Jones's testimony since she was an admitted shoplifter and a friend of Myrick's. We have reviewed the surveillance tape ourselves, and although we do not consider the content alone sufficient to have established Myrick's guilt, we cannot say that it was unreasonable for the trial court, when viewing the tape in the context of the other evidence against her, to draw an inference that Myrick was acting in complicity with Jones.
Additionally, we note that we disagree with Myrick that the trial court's statement, "I think I am making a finding that she is guilty," should be interpreted as a finding of guilt based upon something less than proof beyond reasonable doubt. A trial court is certainly presumed to know the standard of proof in a criminal case, and we do not attach any legal significance to the court's choice of words in announcing its decision in this case.
In sum, we hold that the trial court had before it sufficient evidence on all the elements of the crime of shoplifting. R.C.2913.02. Further, we hold that there is no basis to conclude that the trial court lost its way or committed a manifest miscarriage of justice in resolving the factual issues against Myrick. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.